UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT FRANKFORT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 3:08-cr-31-JMH |
| v. | ) | |
| | ) | |
| MICHAEL D. SMITH, et al., | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the Motion of the United States of America to Amend the Preliminary Order of Forfeiture and Forfeit Substitute Assets [DE 386], as well as the Joint Motion for Interlocutory Sale filed by the United States and Alabama Ag Credit FLCA (hereinafter, "Alabama Ag Credit") [DE 389]. Defendant Michael Smith has filed a Response to the Motion for Interlocutory Sale [DE 394], in which Defendant Shaun Michael Smith joins [DE 395], and a Response to the Government's Motion to Amend the Preliminary Order of Forfeiture, along with a Motion for a Stay, in which Defendant Shaun Michael Smith also joins [DE 399, 400, 401]. In turn, the United States has filed a Response to Defendants' Motion to Stay [DE 403]. The Court being adequately advised, these Motions are ripe for decision.

The United States have asked this Court, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B) and 21 U.S.C. §§ 853(p) and 853(g), to amend the Preliminary Order of Forfeiture [DE 350], substituting certain

-1-

personal and real property of Defendants Michael D. Smith and Shaun Michael Smith toward satisfaction of the money judgment. As grounds for this request, the United States assert that, "because of certain acts or omissions of the defendants, the proceeds derived from the fraud scheme and the property involved in the offense are no longer available for forfeiture for one or more of the reasons set forth in 21 U.S.C. § 853(p)" and, in order to satisfy the money judgment, substitute assets must be forfeited. More to the point, the United States have explained that,

> [t]he United States has learned that since Indictment, property (both real and personal) has been transferred from the defendants' ownership/control into the names of other individuals. Only a small number of assets are currently held in either the name of Michael D. Smith or Shaun Michael Smith, most of which have little to no equity.

[DE 386, p. 2.]

While the government must show a nexus between directly forfeitable property and the offense, there is no such requirement for substitute assets, which are covered under Fed. R. Crim. P. 32.2(e). Rather, when the direct proceeds of the crime are no longer available for forfeiture, pursuant to 21 U.S.C. § 853(p), then the government may seek to satisfy the forfeiture judgment with substitute assets. The Court may order the forfeiture of substitute assets in two ways - by including the substitute

property in the preliminary order of forfeiture before it becomes final at the time of sentencing or by amending the order of forfeiture "at any time" after sentencing to include substitute property pursuant to Fed. R. Crim. P. 32.2(e). *See United States v. Warshak*, Crim. No. 1:06-CR-00111, 2008 WL 2705044, *4 (S.D. Ohio July 8, 2008); *see also United States v. McCorkle*, 143 F.Supp. 2d 1311, 1318 (M.D. Fla. 2001). The forfeiture of substitute assets is mandatory. *See* 21 U.S.C. § 853(p)(2) (providing that if the directly forfeitable property is unavailable, the court "shall order" the forfeiture of substitute property up to the value of the directly forfeitable property); *United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary. . . .[W]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property."). Nor would state law insulate the property of the defendants from forfeiture as a substitute asset. *United States v. Bollin*, 264 F.3d 391, 423 (4th Cir. 2001). Defendants concede that the relief requested is appropriate and make no objection to the entry of an order granting the amendment of the preliminary judgment of forfeiture, *per se*.

Rather, Defendants ask for a stay of the sale of any real property until the appellate process in this case is concluded on the grounds that the real property in question is inherently unique

and that Defendants would be unable to recoup this same property if they succeed on appeal if it is sold now.[1]

With respect to the Joint Motion for Interlocutory Sale filed by the United States of America and Alabama Ag Credit, the United States of America and Alabama Ag Credit request the interlocutory sale of certain real property because mortgage payments are no longer being made to Alabama Ag Credit and the property must be sold to prevent further interest, fees, and penalties from accruing in light of that failure. Pursuant to 19 U.S.C. § 1612(a), incorporated by 21 U.S.C. § 881(d), 21 U.S.C. § 853(h), and Federal Rule of Criminal Procedure 32.2(b)(7), Movants seek authorization for the United States Marshals Service to convey clear, fee simple title without delay to facilitate the sales process, but subject to the Stipulated Expedited Settlement Agreement.

The Court can order the interlocutory sale of real property to avoid mortgage foreclosure. *See* Fed. R. Crim. P. 32.2(b)(7); Supplemental Rule G(7), Fed. R. Civ. P.; *see also United States v. 2540 Chadwick Way,* No. 05C1824, 2005 WL 2124539 (N.D. Ill. May 12, 2005). While Defendants object, the focus of the present forfeiture proceedings has shifted away from Defendants Michael Smith and Shaun Michael Smith, and the Court is now concerned with

---

[1]The Court is aware of only one request to sell property, and that is the property which is the subject of the Joint Motion for Interlocutory Sale.

the interests of third-parties in the property subject to forfeiture.  *See* U.S.C. § 853(k); 21 U.S.C. § 853(n)(2) ("Any person, other than the defendant . . . ").  To the extent that these defendants are concerned about interested third parties, those individuals will have an opportunity to litigate their claims in an ancillary proceeding under 21 U.S.C. § 853(n).

With respect to the moving Defendants' arguments as to themselves in opposition to the Joint Motion for Interlocutory Sale, the Court is not impressed with their argument that they would be irreparably injured because they would be unable to recoup the unique real properties that are the subject of forfeiture. Simply stated, if the properties are sold, the government could ultimately reimburse Defendants for any value of real property improperly forfeited if Defendants ultimately succeed on their appeal and the forfeiture order is vacated.  *See United States v. Warshak*, No. 1:06-CR-00111, 2009 WL 113232, *2 (S.D. Ohio Jan. 14, 2009).

Nor is the situation presented in this matter one in which a stay would be appropriate.  The Court has considered the case of *United States v. Gallion*, 2:07-cr-39-DCR, upon which Defendants rely to support their position that a stay is proper.  The stay set in place in *Gallion* presumed that the defendants would maintain the subject properties and keep the mortgages and taxes current.  When the defendants failed to do so, the *Gallion* court ordered the sale

of the property upon the motion of the United States. *See United States v. Gallion*, 2:07-cr-39-DCR (E.D. Ky.), DE 912, 1182, 1252-53. Here, the United States seeks to sell property upon which Defendant Michael Smith has allowed the mortgages to become delinquent. In other words, the proceedings in *Gallion* suggest that an interlocutory sale of property subject to waste is appropriate.

Defendants have suggested no terms upon which this Court might order the stay of the order of forfeiture or, as requested here, the sale of property under Fed. R. Civ. P. 32.2(d), assuming that an appeal is taken, which would ensure that the property would remain available pending appellate review. The Court will grant the Joint Motion for Interlocutory Sale and declines to stay the sale of real property as ordered by this Court at this time.

Accordingly, **IT IS ORDERED**:

(1) that the Motion to Amend the Preliminary Order of Forfeiture and Forfeit Substitute Assets [DE 386] is **GRANTED**;

(2) that the Preliminary Order of Forfeiture [Record No. 350] is **AMENDED** to allow the following assets to be seized and subject to application towards the money judgments entered in this case:

> **VEHICLES**
>
> 2000 Yamaha Jet Ski (KY-0334-WA) - title No. 031610570133 issued to Shena Smith 7/16/03. VIN #YAMA2782D000, docked at Slip C4, Beach Island Marina, Norris Lake, TN.

House Boat, named JUS PERFECT, 60', unknown year of completion, Official no. 1102071, IMO #XPE10051J787 with U.S. Coast Guard. Docked at Slip C4, Beach Island Marina, Norris Lake, TN.

2000 Pontoon Boat (additional identifiers are unknown at this time).

**REAL PROPERTY**

84.95 acres (34.38 hectares) on Route 11, Laketon, Kent County, Caleton Parish, New Brunswick, Canada (PID 25007576, PAN 2344662);

Real property located in Gaston County, North Carolina, Deed Book 4005, Pages 488-494; Being the full contents of Lot Number 34 of the Gaston County Wildlife Club House, Inc., property as shown on map or plat thereof entitled: Gaston County Wildlife Club House, Inc., Leased Lots and dated July 31, 2002, prepared by Mack Drake, registered surveyor, and recorded at Plat Book 65, Page 127, in the Gaston County Registry;

Real property located in Smith County, Texas,Account:180475000200011000; APD: 082144; Highland Lake Village Lot; Volume 6791, Page 87; All that certain lot, tract or parcel of land situated in Smith County, Texas and being Lot 11 of Highland Lakes, Unit No. 2, according to plat recorded in Volume 9, Page 143.

(3) that the United States Marshals Service shall seize forthwith the forfeited property, described in paragraph (2) above, and dispose of the said property in accordance with the law. The United States shall provide notice as required by law. The United States is authorized to conduct appropriate discovery and to conduct any necessary ancillary proceedings as provided by Title

21, United States Code, Section 853(n) as to the rights of third parties who may have an interest in the property forfeited herein.

(4) that the Motion for Stay [DE 400] is **DENIED**;

(5) that the Joint Motion for Interlocutory Sale [DE 389] is **GRANTED**;

(6) that the Preliminary Order of Forfeiture [Record No. 350] is **AMENDED** to allow the United States Marshal to sell without delay the real property more particularly described as follows:

Property Address:

> 1876 Corbin Road, Newton, Alabama 36352 (Geneva County), Parcel # 017.001
>
> Being the same property conveyed to Michael D. Smith, by Warranty Deed from Donald van Baker and Sharon P. Baker, dated November 16, 2004, and recorded in Deed Book 520, page 303, Geneva County, Alabama
>
> 1822 Corbin Road, Newton, Alabama 36352 (Geneva County), Parcels # 015.000 and 001.000
>
> Being the same property conveyed to Michael D. Smith, by Warranty Deed from Donald van Baker and Sharon P. Baker, dated November 16, 2004, and recorded in Deed Book 520, page 324, Geneva County, Alabama.
>
> One tract or parcel of land in Geneva County, Alabama as surveyed by Branton Land Surveyors as per plat dated May 14, 2001 and revised November 9, 2004 and being more particularly described as follows: BEGINNING at an existing concrete marker marking the SW corner of Section 34, T3N, R24E, and from said point run N88˚-52'-13"E along the South line of said section a distance of 656.82 feet to an existing iron pipe and fence; thence N01˚-44'-

32E along said fence in a distance of 1339.77 feet to an existing iron pipe and fence corner; thence continue along said fence N88˚-45'-09"E a distance of 639.85 feet to an existing iron pipe and fence corner; thence N00˚-10'-40"W along a fence a distance of 1327.71 feet to an existing iron pipe on the South R/W of Corbin Road (county maintained dirt road); thence continue along said road S88˚-37'-28"W a distance of 660.21 feet to an existing iron pipe; thence S00˚-08'-51"E a distance of 1327.01 feet to an existing iron pipe; thence S89˚-05'-24"W along a fence and the North line of the SW1/4 of the SW1/4 of the above mentioned section a distance of 295.35 feet to an existing iron pipe; thence continue along said fence S89˚-13'-49"W a distance of 365.81 feet to an existing concrete marker (same being the SE corner of the NE1/4 of the SE1/4 of Section 33, T3N, R24E); thence N00˚-08'-02"E a distance of 1321.26 feet to a set iron pipe on the South R/W of Corbin Road; thence S88˚-42'-03"W along said road a distance of 468.74 feet to a existing iron pipe; thence continue along said road S88˚-39'-22"W a distance of 20.00 feet to the center of Pates Creek; thence S08˚-21'-14"E along the center of said creek a distance of 139.76 feet; thence continue along the center of said creek S25˚-19'-57"W a distance of 92.04 feet; thence continue along the center of said creek S39˚-39'-36"W a distance of 153.42 feet; thence continue along the center of said creek S18˚-17'-47"E a distance of 56.35 feet; thence continue along the center of said creek S24˚-58'-50"E a distance of 53.58 feet; thence continue along the center of said creek S11˚- 33'-07"W a distance of 242.97 feet; thence continue along the center of said creek S26˚-00'-01"W a distance of 106.72 feet; thence continue along the center of said creek S50˚-44'-44"W a distance of 164.07 feet; thence continue along the center of said creek S33˚-32'-44"W a distance of 526.11 feet to the North line of the SE1/4 of the SE1/4 of Section 33; thence S89˚- 35'-12"W along the North line of said forty a

distance of 252.90 feet to an existing concrete marker and the NW corner thereof; thence S00˚-37'- 56"W a distance of 1325.82 feet to an existing concrete marker and the SW corner of the SE1/4 of the SE1/4 of Section 33; thence S02˚-32'-26"E along the West line of the NE1/4 of the NE ¼ of Section 4, T2N, R24E a distance of 1332.98 feet to an existing iron pipe and the SW corner thereof; thence S89˚-52'-18"E along the South line of said forty a distance of 1327.49 feet to an existing iron pipe and the SE corner thereof; thence N02˚-32'-26"W along the East line of the NE1/4 of Section 4 a distance of 1330.00 feet to the POINT OF BEGINNING. Said line being located in the NE1/4 of the NE1/4 of Section 4, T2N, R24E, the SW1/4 of the SW1/4 of Section 34, T3N, R24E and the E1/2 of the SE1/4 of Section 33, T3N, R24E and containing 141.77 acres.

One tract or parcel of land in Geneva County, Alabama as surveyed by Branton Land Surveyors as per lat dated November 9, 2004 and being more particularly described as follows: BEGINNING at an existing concrete marker marking the SW corner of the NW 1/4 of the SW 1/4 of Section 34, T3N, R24 E and from said point run N00E-08'-02"E a distance of 1321.26 feet to a set iron pipe on the South R/W of Corbin Road (county maintained dirt road); thence N88E-39'-22"E along said road a distance of 654.76 feet to a set iron pipe and fence (same being the East line of the W ½ of the above mentioned forty); thence S00E-08'-51"E along said fence a distance of 1327.01 feet to an existing iron pipe and fence corner; thence S89E-05'- 24"W along said fence and the South line of said forty a distance of 295.35 feet to an existing iron pipe; thence continue along said fence S89-13'- 49"W a distance of 365.81 feet to the POINT OF BEGINNING. Said land being located in the W ½ of the above mentioned forty and containing 20.00 acres.

(7) That, after satisfaction of the note and mortgage to Alabama Ag Credit FLCA, the proceeds of the sale described in paragraph (6) shall be placed in the Seized Assets Holding Account pending Final Decree and Order of Forfeiture.

(8) That the United States Marshals Service shall have immediate entry to the property described in paragraph (6).

(9) That the United States Marshals Service has authority to convey clear title to the property described in paragraph (6) without further Order of this Court.

(10) That the Clerk shall cause to be delivered a copy of this Order to the United States Marshal for the Eastern District of Kentucky.

This the 1st day of December, 2010.



**Signed By:**
***Joseph M. Hood***
**Senior U.S. District Judge**