```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION AT FRANKFORT
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 3:08-cr-31-JMH |
| v. | ) | |
| | ) | |
| MICHAEL D. SMITH, et al., | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendants. | ) | |

                    **      **      **      **      **

This matter is before the Court upon the Motion to Prohibit Depositions filed by Michael D. Smith, in which Shaun Michael Smith has joined in his Motion to Quash Notice of Deposition and for Order Prohibiting Taking of Deposition [DE 405 and 407]. The United States has filed a Response to the Motion, and Michael Smith has filed a Reply in further Support of his Motion.[1] The Court being adequately advised, this Motion is ripe for decision.

Fed. R. Crim. P. 15(e)(1) states very plainly that "[a] defendant may not be deposed without [his] consent." Although the United States has sent Notices of Deposition in the above-captioned criminal matter to counsel for Defendants Michael D. Smith and Shaun Michael Smith, neither Michael D. Smith nor Shaun Michael Smith have consented to the taking of their depositions in this

---

[1] The Court has not ordered further briefing on the Motion filed by Defendant Shaun Michael Smith and has assumed, for the purposes of this Memorandum Opinion and Order, that the United States' would offer the same objections to his motion as it has offered with respect to Defendant Michael D. Smith's Motion.

matter.[2]  Thus, based upon the plain language of Rule 15(e)(1), they may not be deposed in the above-captioned criminal matter.

The United States argues that, Rule 15(e)(1) notwithstanding, it may depose these defendants on the grounds that it "is authorized to conduct appropriate discovery and to conduct any necessary ancillary proceedings as provided by 21 U.S.C. § 853(n) as to the rights of third parties who may have an interest in the property forfeited herein."  The United States also relies on Fed. R. Crim. P. 32.2(b)(3), which provides that the government may conduct discovery for the purpose of identifying and locating assets forfeited to the United States, property traceable to such assets, or assets of the defendant that may be susbtituted up to the value of the forfeited assets.  This discovery may include deposition of witnesses.  *See* 21 U.S.C. § 853(m); 28 U.S.C. §

---

[2] Counsel for Michael Smith has also explained in his Motion that the United States has sent to them a Notice of Deposition for Vernon Smith in the above-referenced criminal matter.  According to counsel, they have not undertaken any representation of Vernon Smith in the criminal matter, although they do represent Vernon Smith in a related civil forfeiture proceeding.  In any event, counsel for Defendant Michael D. Smith does not seek relief with respect to Vernon Smith in this matter nor could they, as they do not represent him in this matter.  Rather, they ask the Court to require the United States to follow the relevant procedural rules.  The Court offers no opinion as to the proper resolution of this issue, except to note that the United States would do well not to conflate the civil forfeiture action and this criminal action which, although technically related, are separate proceedings.  The Court declines to admonish the United States to "be good" but continues to expect that the parties to this matter will litigate in good faith and in keeping with the relevant rules of procedure.

2461(c).

The United States' position is unfounded, however, when it comes to the deposition of a criminal defendant. Consent prior to the deposition of a defendant in a criminal matter is required by Rule 15(e)(1) – without exception. The United States has provided no authority for the proposition that a defendant may be deposed without his consent after conviction but before the criminal matter becomes final "for the purpose of identifying and locating assets forfeited to the United States, property traceable to such assets, or assets of the defendant that may be substituted up to the value of the forfeited assets."

Rather, the case law upon which the United States relies relates to third party claims to property subject to forfeiture, not the primary identification or location of assets to be forfeited by and through the testimony of a defendant. *See United States v. Alcaraz-Garcia*, 79 F.3d 769, 772 (9th Cir. 1996) (civil appellate rules apply to appeal from denial of third party claim); *see also United States v. BCCI Holdings (Luxembourg) S.A.*, 69 F.Supp.2d 36, 54 (D.D.C. 1999) (because the ancillary proceeding is essentially civil in nature, the court applies Fed. R. Civ. P. 12 and 56 to allow dispositive motions, permits civil discovery, and follows Rule 54(b) to allow appeals by third parties from denial of claims). These cases do not speak to taking the deposition of a criminal defendant in a pending criminal matter and provide no

exception to the clear dictate of Rule 15(e)(1).

Further, to the extent that the United States could serve a notice of deposition on a criminal defendant to appear as a witness in a civil ancillary proceeding as to the rights of third parties to items forfeited in the criminal matter, the proper place to give notice of such a deposition would be in the civil matter in which the ancillary proceeding is taking place.[3]

Accordingly, **IT IS ORDERED** that Defendants' Motions to Prohibit Depositions and Motion to Quash Notice of Deposition and for Order Prohibiting Taking of Deposition [DE 405 and 407] are **GRANTED**.

This the 20th day of December, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

[3] The Court offers no opinion as to whether Defendants could be compelled to give testimony in a deposition in that civil proceeding for that issue is not before the Court.