UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT FRANKFORT**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. |
| ) | 3:08-cr-31-JMH |
| v. ) | |
| ) | |
| MICHAEL D. SMITH, et al., ) | |
| ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court upon Defendant Christopher Cello Smith's Motion for Disclosure of *Brady* and *Giglio* Material [DE 489], in which Defendant Michael D. Smith has joined [DE 492]. The Court has carefully considered the Motion and arguments presented in support thereof, the Response brief of the United States [DE 494][1], and the Reply brief of Christopher Cello Smith [DE 495], as well as the late-filed affidavits of the United States and Christopher Cello Smith's response to those materials. The Court being adequately advised, this motion is ripe for the Court's consideration.

This matter is also before the Court upon Defendant Michael D. Smith's Motion for Relief from Time Restraints [DE 499], in which Defendants Christopher Cello Smith and Shaun Michael Smith join [DE

---

[1] The United States requests, in its response, that the Court enter an order permitting the sealed supplement portion of Mark Irwin's plea agreement in Lexington Criminal Action No. 11-39-JMH to be disclosed to counsel for Defendants. This relief shall be granted.

504, 505], and to which the United States has filed a Response, stating its objection [DE 501].[2] Again, the Court is adequately advised, and the motion is ripe for decision.

**A. Pretrial Disclosure of Material Impeachment Evidence in Possession of United States Required**

In their Motion for Disclosure of *Brady* and *Giglio* Material, Defendants Christopher Cello Smith and Michael D. Smith ask this Court to direct the United States to provide to them any and all information in its possession, including documents, pertaining to Lexington Criminal Action No. 11-39-JMH. In that matter, Mark Irwin entered a guilty plea to a charge that he violated 18 U.S.C. § 1623 when he misrepresented his personal assets on his Form CJA-23, completed and signed under penalty of perjury when he requested appointment of counsel. On that form, completed and signed on January 10, 2009, Irwin failed to disclose that he owned a personal residence in Tennessee, owned and was employed by Summit Energy Corporation, and owned three motor vehicles. Movants argue that the United States should have disclosed evidence related to that misrepresentation prior to the June 2010 start of the trial in this matter for use in impeaching Irwin during the trial and should, in any event, disclose it now.

Under *Brady* and its progeny, the prosecution must disclose all

---

[2] Defendant Michael D. Smith requested the same relief in his earlier filing, styled a response, in which he joined Defendant Christopher Cello Smith's Motion for Disclosure of *Brady* and *Giglio* Material [DE 492].

material exculpatory and impeachment evidence to a defendant. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Jells v. Mitchell*, 538 F.3d 478, 501-02 (6th Cir. 2008). This obligation includes a duty to disclose "evidence that could be used to impeach the credibility of a witness." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Giglio v. United States*, 405 U.S. 150, 154-55 (1972)). That evidence, necessarily, is to be turned over to the defendants "in time for use at trial." *Id.* at 1285. In other words, the obligation to reveal this evidence is limited to those facts that are in the possession of the prosecution prior to trial.

In its response to the Motion for Disclosure of *Brady* and *Giglio* Material, the United States explains that it had no knowledge of a false statement made by Mark Irwin with respect to his Form CJA-23 filed in Frankfort Criminal Matter 08-31-JMH prior to his trial testimony in June 2010 or, indeed, until the Court permitted the United States Probation Office to disclose that form to the United States by an Order dated September 1, 2010. Certainly, prior to the trial, the United States was aware that Mark Irwin had been appointed counsel by the Court – a fact known equally by all parties at that time. Further, the United States was made aware by Irwin's counsel, prior to the trial, that Irwin was involved as a salesman for a short time with another, unidentified oil and gas company after leaving Target Oil. The

-3-

United States provided that information to counsel for the other defendants in an email sent by Assistant United States Attorney Frances E. Catron on May 31, 2010, i.e., prior to the trial of this matter.

The United States maintains, however, that it had no knowledge of the particulars of Irwin's conduct with respect to any oil and gas company other than Target Oil prior to trial, nor have Defendants given the Court any reason to believe that the United States did have evidence of that prior to trial. Rather, it was after the trial concluded and verdicts were returned that an investigation of Defendant Irwin's assets by the financial litigation unit of the United States Attorney's Office began. At that time, one or more bank accounts in the name of Mark Irwin and a company called Summit Energy were discovered.

Specifically, post-trial, an investigation was undertaken by Paralegal Specialist Lynn Woodrum into the financial resources and assets of the defendants in this matter. [Affidavit of Lynn Woodrum at ¶ 2; Affidavit of Frances E. Catron at ¶¶ 2-3.] During a search conducted on or about August 16, 2010, Woodrum discovered that Mark Irwin had one or more bank accounts in his name and/or the name of Summit Energy. [*Id*. at ¶¶ 2-3.] Her discovery of that information and her report to Catron constitutes the first time that Woodrum, Catron, or, in Catron's estimation, anyone in the office of the United States Attorney for the Eastern District of Kentucky had

heard of the company, Summit Energy, and by extension, the accounts. Only then did the United States request leave from this Court, which was obtained on September 1, 2011 [Frankfort Criminal Action No. 10-1-JMH, DE 20], for the disclosure of Irwin's Form CJA-23 by the United States Probation Office.

Certainly, from the evidence which the United States claims to have had in its possession and disclosed to defendants before trial, one might have inferred that Irwin had not been completely truthful on his Form CJA-23. He had claimed indigence and been appointed counsel by the Court even though he had been employed by another (then unnamed) company. Without more facts, however, there was only a weak inference that Irwin might have had income or interests that he had not disclosed and, thus, made a misrepresentation on a form under penalty of perjury. That said, any inference from those facts was equally available to all.

The United States does not explicitly state when it began to suspect that Irwin had made misstatements on his Form CJA-23, but it is clear that the United States did not have evidence of the Summit Energy accounts until mid-August 2010 and could not have confirmed the fact that Irwin failed to list those accounts and interests in making his application for appointment of counsel in the present matter until that form was disclosed by the United States Probation Office sometime after September 1, 2010. Clearly, the United States could not have disclosed this information prior

to trial, and, contrary to Defendant Christopher Cello Smith's position, the United States had no "affirmative duty . . . to take action to discover information which it [did] not possess." *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007) (quoting *United States v. Beaver*, 524 F.2d 963, 966 (5th Cir. 1975)).

Ultimately, the United States had an obligation to disclose what evidence about misrepresentations made by Irwin to this Court under penalty of perjury *that it had in its possession prior to trial*. At this juncture, the Court has no reason to believe that the United States did not disclose all the evidence it had in its possession prior to or at the time of trial. However, out of an abundance of caution, the Court will require the United States to disclose its files to the Court for in camera review. After reviewing the materials, the Court will issue a ruling on the Motion.

**B. Time for Filing Motions for New Trial Under Fed. R. Civ. P. 33 Is Not Curtailed**

Fed. R. Crim. P. 33(b)(1) provides that a party must file any motion for a new trial grounded on newly discovered evidence "within 3 years after the verdict or finding of guilty." The Court clarifies its order of March 23, 2011. To the extent that the parties understand this Court's March 23, 2011, Order [DE 488] as imposing a shorter time for filing such motions, the Court clarifies its Order by stating that the fourteen day limitation does not apply to any motions for a new trial under Fed. R. Crim.

P. 33(b)(1).

**C. Conclusion**

For all of the reasons stated above, relief is provided to the parties as follows.

Accordingly, **IT IS ORDERED**:

(1)  that the Motion of Defendant Christopher Cello Smith for Disclosure of *Brady* and *Giglio* Material [DE 489], in which Defendant Michael D. Smith has joined [DE 492], shall be **HELD IN ABEYANCE** pending the Court's review of the materials to be provided for in camera inspection by the United States.

(2)  that, no later than **Monday, April 13, 2011**, at **5:00 p.m.**, the United States shall deliver to the undersigned, for in camera inspection, any materials that it has in its possession concerning Mark Irwin's ownership or operation of Summit Energy Corporation, any documents concerning the activities of that company, and any and all documents which would indicate the time at which the government first learned of these activities and this evidence, as well as any other information, including documentation, concerning the issues raised by the moving defendants.

(3)  that the United States' request for leave to disclose the sealed supplement portion of Mark Irwin's plea agreement in Lexington Criminal Action No. 11-39-JMH to counsel for Defendants [DE 494] is **GRANTED**;

(4)  that the United States may disclose the sealed supplement

portion of Mark Irwin's plea agreement in Lexington Criminal Action No. 11-39-JMH to counsel for Defendants;

(5) that Defendant Michael D. Smith's Motion for Relief from Time Restraints [DE 499], in which Defendants Christopher Cello Smith and Shaun Michael Smith join [DE 504, 505], is **GRANTED.**

This the 7th day of April, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge