UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT FRANKFORT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 3:08-cr-31-JMH |
| v. | ) | |
| | ) | |
| MICHAEL D. SMITH, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

During the hearing convened in the above-referenced matter on May 31, 2011, Defendant Michael D. Smith made an oral motion for copies of any office memoranda reflecting the reliance of United States Attorney's Office for the Eastern District of Kentucky on *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007), when concluding that the United States had met its obligations to make pre-trial disclosures as the particulars of co-Defendant and cooperating witness Mark Irwin's conduct with respect to any oil and gas company other than Target Oil. The Court took the oral motion under advisement at that time. Having further considered the motion, it shall be denied for the reasons which follow.

During the May 31, 2011, hearing on Defendants Michael D. Smith and Christopher Cello Smith's Motions for New Trial, the United States represented that it relied on *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007), when concluding that the United States had met its obligations to make pre-trial disclosures

as to its knowledge of Irwin's conduct with respect to any oil and gas company other than Target Oil.[1] The particulars of the pre-trial disclosures aside, Michael D. Smith takes the position that, having raised the United State's pretrial discovery obligations in his Motion for New Trial, he is now entitled to examine the bona fides of the United States' reliance on *Graham* in acting as it did, but the Court disagrees.

Defendant Smith has shown no reason why the United States' internal evaluation of its pre-trial disclosure obligations or the production of an office memorandum which references *United States v. Graham* (or does not reference that case, as it may be) is necessarily relevant to this Court's inquiry with respect to his Motion for New Trial.[2] Rather, Defendant Smith's demand that he must, as a matter of course, be made privy to such an internal evaluation of the litigation of this matter is simply too much. The issue of whether the United States fulfilled its obligations to

---

[1] The case holds, in pertinent part, that *Brady v. Maryland*, 373 U.S. 83 (1963), does not impose "an affirmative duty upon the government to take action to discover information which it [did] not possess." *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007) (quoting *United States v. Beaver*, 524 F.2d 963, 966 (5th Cir. 1975))

[2] Certainly, if the United States did produce such a memorandum and, in the course of doing so, referenced Summit Energy Corporation or Mark Irwin's involvement with that company, it might be the subject of other orders of this Court (including the Court's order that the United States provide the Court with copies of any office notes referencing the company now known to be Summit Energy Corp. for *in camera* review). That is, however, a question for another day.

disclose evidence pretrial under the law as it was announced in *Graham* would not necessarily be informed by any specific internal reference to *Graham* (or the absence thereof) at that time. Assuming the United States took any action that it should have in fulfilling its obligations as taught in *Graham*, such actions will speak for themselves. The opposite is also true. If the United States did not take the actions that it ought to have taken, any internal memoranda analyzing *Graham* (or failing to analyze *Graham*) will not excuse its failures.

Accordingly, Defendant Michael D. Smith's May 31, 2011, oral motion that the United States be required to provide him with copies of any internal office memoranda, reflecting the reliance of United States Attorney's Office for the Eastern District of Kentucky on *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007), as described above, is **DENIED**.

This the 1st day of June, 2011.



**Signed By:**

*Joseph M. Hood*

**United States Senior Judge**