UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT FRANKFORT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 3:08-cr-31-JMH |
| v. | ) | |
| | ) | |
| MICHAEL D. SMITH, et al., | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon the Motion for New Trial and request for a hearing filed by Michael D. and Christopher C. Smith [DE 799].[1]  The United States has filed a Response [DE 811], stating their objections, and Defendants have filed a Reply in further support of their Motion [DE 814].  Having considered the motion, response, and reply, the Court is not persuaded that a hearing on the argument raised in the motion would assist the Court in reaching a decision and concludes that a new trial is not warranted at this time.  Accordingly, Defendants' Motion for a New

---

[1] The Court notes that both defendants are now represented before this Court by retained counsel, Attorney Jeffrey M. Blum. Both defendants have declared themselves indigent, however. Indeed, both have been appointed counsel by the United States Court of Appeals for the Sixth Circuit [DE 738, 771] with respect to their respective appeals. The Court shall direct that the Clerk of this Court forward a copy of this memorandum opinion and order to the Clerk for the Court of Appeals in order that said Clerk is made aware of this situation.

Trial and request for a hearing will be denied. The Court has also considered the moving Defendants' Emergency Motion [DE 809], which says many things but which, at its heart, requests an indicative ruling as required by Fed. R. App. P. 12.1 so that this Court may provide the relief available under Fed. R. Crim. P. 33(b)(1). That motion will be denied as the Court is not of the mind to grant the Motion for a New Trial.

Fed. R. Crim. P. 33 provides that, "[u]pon the defedant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Defendants must, however, be mindful of the time limitations on filing such a motion. Those motions "grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Fed. R. Crim. P. 33(b)(1). A motion on any other ground "must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).

The moving Defendants' Motion is not, in large part, grounded in new evidence. Rather, they argue that the trial was fatally flawed due the "presentation of . . . quack theories" by the government which worked a "fraud on the court." They complain that the government should have offered an expert or that they should have been permitted to offer an expert and that, somehow, an Assistant United States Attorney inappropriately offered testimony

-2-

during the trial. None of these arguments are based on evidence recently discovered, and it is untimely under Fed. R. Crim. P. 33 since the Motion was filed outside of the 14 day time period set forth in that rule.

If any portion of the motion could be considered to be based on new evidence, it is the moving Defendants' argument that a new trial is necessary because they have discovered or have reason to believe based on recently discovered evidence that *Brady* material was wrongfully withheld from them by the government. The materials upon which they rely were obtained as a result of a recently resolved Open Records Act request directed to the Kentucky Department of Financial Institutions. Since the moving Defendants' motion was filed within three years of entry of the verdict, it is timely in this regard, and the Court will consider whether there is merit to this aspect of their Motion.

Even so, the Court cannot ignore that "motions for a new trial based on newly discovered evidence are disfavored." *U.S. v. Hawkins,* 969 F.2d 169, 175 (6th Cir. 1992). This Court will only grant a new trial based on newly discovered evidence if (1) the new evidence was discovered after the trial, (2) the evidence could not have been discovered earlier with due diligence, (3) the evidence is material and not merely cumulative or impeaching, and (4) the evidence would likely produce an acquittal. *U.S. v. Braggs,* 23 F.3d 1047, 1050 (6th Cir. 1994) (citing *U.S. v. Barlow,* 693 F.2d 954,

966 (6th Cir. 1982)). Considering this standard, the Court is not persuaded that the moving Defendants can demonstrate that the circumstances merit a new trial.

The moving Defendants argue that one can conclude from the evidence presented in support of their Motion that the government wrongfully withheld evidence (1) that potential expert witnesses had contradicted the government's theory of the case and (2) that the state had sanctioned the practice of obtaining permits for and conducting business through Kentucky-Indiana Oil & Gas, another of Michael D. Smith's companies, when Target was unable to obtain permits. Defendants theorize that such evidence would have been exculpatory with respect to some or all counts against them.

Under *Brady* and its progeny, the prosecution must disclose all material exculpatory and impeachment evidence to a defendant. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Jells v. Mitchell*, 538 F.3d 478, 501-02 (6th Cir. 2008). Such evidence, necessarily, is to be turned over to the defendants "in time for use at trial." *Schledwitz v. United States*, 169 F.3d 1003, 1285 (6th Cir. 1999). As to such a motion, "[t]he question of whether to decide a motion on the supporting evidence filed with the motion or to hold an evidentiary hearing is within the discretion of the trial court." *United States v. O'Dell*, 805 F.2d 637, 642 (6th Cir. 1986) (*citing United States v. Hoffa*, 382 F.2d 856, 866 (6th Cir. 1967); *United States v. Metz*, 652 F.2d 478, 481 (5th Cir. 1981)). Here, there is

no need for an evidentiary hearing because, on the materials before it, the Court concludes that there is no evidence from which the Court can conclude that the government violated its duty to disclose all material exculpatory evidence in its possession to the moving Defendants prior to trial.

The Court has carefully reviewed each and every exhibit offered by the moving Defendants in support of these arguments and can find *nothing* to support Defendants' first argument, that there exists evidence that any expert had contradicted the bases for the prosecution's theory of the case.  Rather, reading the email exchanges by and between the prosecution team generously, the Court can see only that the government considered retaining the services of a geology expert and that, ultimately, no geology expert was obtained.  There is no indication that any of the potential experts discussed in those emails offered the prosecution any opinion on the soundness of its theory of the case or any explanation of why the government decided to proceed to trial without any particular one of them as a witness, with the exception of Marvin Combs who simply declined to serve in that role.[2]

---

[2]  Counsel for moving defendants, Attorney Jeffrey Blum, relates in his Declaration that he learned from conversations with John Smallwood that Smallwood and Gary Coldiron, both potential prosecution witnesses during the trial, communicated to the prosecution that neither Smallwood nor Coldiron saw anything "crooked or unusual" about Target's projects. Assuming that these hearsay statements – offered in the record by counsel rather than Smallwood or Coldiron – can even be considered by the Court, the Court does not agree that it means that these individuals

Nor can the Court find evidence which supports their second theory, that the government wrongfully failed to disclose evidence that the defendants pulled permits under a company name other than Target with the assurance of state officials that it was legal and appropriate. The only evidence offered is that some state official or officials had met with an individual named Robert Dale Smith and knew that "they," presumably including the defendants in this case,

---

communicated anything more to the prosecution than that they disagreed with some, unspecified, legal conclusions to be drawn from whatever unspecified activities they had observed and reported.

Their "statements," relayed through Attorney Blum, are only the barest of legal conclusions, presented by laypersons without any development of the facts upon which they based their opinion, for whatever their opinion is worth. These "statements" do not, for example, say that these individuals were aware of evidence concerning, for example, oil wells to be drilled by Target in a certain county in Texas and later moved to other locations including, in one instance, to another state. Nor do they suggest that these individuals had evidence concerning whether Target's offering materials had been enhanced to reflect greater potential for oil to be found in potential well sites than satellite imagery or other scientific measurements suggested would be found.

The expression of their disagreement with the legal conclusion for which the government argued and with which the jury, on many counts agreed, is hardly within the range of material exculpatory evidence subject to production under *Brady*. While there may be recordings or detailed notes from these meetings with the prosecution team, the moving Defendants simply have not set forth a sufficient basis from which the Court can infer or deduce that they are likely to contain exculpatory evidence which merits further consideration by the Court.

Moreover, the Court is not persuaded that such "statements" offered to the jury would have made any difference in the outcome of the trial. As the Court recalls, several individuals who testified on behalf of the defendants either directly stated or intimated that they saw nothing wrong with what the defendants did, and this testimony was not enough to persuade the jurors to acquit the defendants on all counts at trial.

intended to file new applications for permits under the name "Ky-Indiana." The email expresses no opinion as to the appropriateness of the actions undertaken by individuals associated with Target Oil & Gas and is not exculpatory. Nor is the information contained in the email late-breaking as concerns the moving Defendants' theory of the case as Defendants either knew or could easily have gleaned from the public record that someone had been able to obtain permits in the name of Kentucky-Indiana Oil & Gas even when Target Oil & Gas could not obtain new permits.

It follows that, for the reasons stated above, the moving Defendants' Motion for a New Trial is without merit. Accordingly, **IT IS ORDERED:**

(1) that the Motion for New Trial and request for a hearing [DE 799] is **DENIED;**

(2) that the Emergency Motion for a Preliminary Indicative Ruling [DE 809] is **DENIED;**

(3) that the Clerk of this Court forward a copy of this Memorandum Opinion and Order to the Clerk for the United States Court of Appeals for the Sixth Circuit in order that said Clerk is made aware that, although both Defendants Michael D. Smith and Christopher Cello Smith have declared themselves indigent and been appointed counsel by that Court, they have been – in the meantime – represented by retained counsel before this court on the matters pending here.

This the 11th day of May, 2012.



Signed By:
*Joseph M. Hood*
**Senior U.S. District Judge**