UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT FRANKFORT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL D. SMITH, RAY GARTON, | ) | |
| CHRISTOPHER CELLO SMITH, | ) | Criminal Action No. |
| SHAUN MICHAEL SMITH, and | ) | 3:08-cr-31-JMH |
| JOSHUA SCOTT HARRIS, | ) | 3:10-cr-1-JMH |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK IRWIN, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon its own motion to reconsider its Memorandum Opinion and Order of May 11, 2012, in which it ordered restitution in a sum certain to be paid by the defendants in this case to the identified victims.

As an initial matter, the Court has reconsidered the amount of restitution ordered. Specifically, the Court notes that the amount of restitution ordered reflects the amount requested by the United

-1-

States of America.  However, having reviewed again the evidence offered by the United States of America with respect to each victim, the Court realizes that the restitution amount as calculated from that evidence by the United States would be insufficient to make many of the victims whole.  *See United States v. Lively*, 20 F.3d 193, 201-02 (6th Cir. 1994).

More to the point, in calculating the appropriate amount of restitution, the Court must look at each victim individually. Where dollars were repaid to one victim in excess of his or her investment amount, those excess dollars cannot be "credited" to the defendants against the larger amount because to do so would mean that other victims, who did not receive repayment through royalties or other sources equal to or greater than the amount of their investment, could never be made recover sufficiently to be made whole.  Rather, insofar as a victim received repayment in some form in an amount greater than the amount invested, its simply means that no restitution is owed to that victim.  It does not mean that less is owed to the other victims who were not so fortunate.

Accordingly, the Court amends finding as to the amount of actual loss as follows.  The Court declines to give credit to the defendants for repayments made to certain investors in amounts which exceeded their investments, to wit Weldon R. Donsbach (who realized $18,120.29 in gain), James S. Eason ($10,088.71), Charles Ericson d/b/a Ericson Business Group ($1,924.18), Edward C. and

Jane L. Hochmuth ($18,120.29), Joe McMahan ($35.00), Kenneth Morris ($17.54), and Ronald Wiggins ($18,120.29), for a total of $66,426.30.  The total restitution figure should not include a "credit" for these repayments and, thus, is correctly calculated as the amount of investor dollars paid, $14,844,312.38, less the amount of royalties or other monies returned, $1,077,018.02 – figures which exclude the amounts invested by and returned to those seven investors obtained returns in excess of their investment.

Accordingly, **IT IS ORDERED** that Paragraphs 8 and 9 of the Court's May 11, 2012, Memorandum Opinion and Order are **AMENDED** as follows:

(8) that Michael D. Smith shall make restitution in the amount of $5,506,917.76, totaling 40% of the total $13,767,294.36 loss amount subject to restitution, payable on a pro rata basis to those victims listed in the Government's Second Amended Attachment A who did not recover royalties or other payments in excess of the amounts that they invested.

(9) that Christopher Cello Smith, Shaun Michael Smith, Ray Garton, Joshua Harris, and Mark Irwin shall each make restitution in the amount of $1,652,075.32 apiece, totaling 12% each of the total $13,767,294.36 loss amount subject to restitution, payable on a pro rata basis to all of the victims listed in the Government's Second Amended Attachment A who did not recover royalties or other payments in excess of the amounts that they invested.

This the 15th day of May, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge