UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT FRANKFORT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 3:08-cr-31-JMH |
| v. | ) | |
| | ) | |
| MICHAEL D. SMITH, et al., | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon Defendant Michael D. and Christopher C. Smith's Motion for Leave to Serve Subpoenas on United States Attorney and Kentucky Board of Registration for Professional Geologists [DE 826].  Although the United States has not yet responded to the moving defendants' Motion, the Court does not find it necessary to await a response.  Rather, the Court is adequately advised and will deny the motion for the reasons stated below.

First and foremost, Movants have asked the Court to reconsider its recent decision to deny [DE 820] the moving defendants' Motion for New Trial [DE 799] – notwithstanding movants' insistence that such a motion is not necessary. Accordingly, the Court will consider this motion under the standard reserved for such motions.

As explained in *United States v. Ogden*, No. 06-20033, 2008 WL 2704539, *1 (W.D. Tenn. July 2, 2008):

> The Federal Rules of Criminal Procedure do not provide for motions to reconsider. "Courts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Willyard*, No. 3:07-CR-44, 2008 WL 471683, at *1 (E.D. Tenn. Feb. 19, 2008) (citation omitted).
>
>> The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters properly encompassed in a decision on the merits. This rule gives the district court the power to rectify its own mistakes ... Generally, three situations justify a district court altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal.
>
> *Sherwood v. Royal Ins. Co. of Am.*, 290 F.Supp.2d 856, 858 (N.D. Ohio 2003) (internal citations and quotation marks omitted). Moreover, "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citation omitted).

Here, the moving defendants have cited no intervening change in controlling law and no need to account for new evidence not available at trial – or, at least, made available since the time the Court considered their most recent Motion for a New Trial.

-2-

Rather, they argue that reconsideration is necessary to correct a clear error of law or to prevent a manifest injustice.  Frankly, the Court is of no mind to do so on the materials and arguments presented by these defendants.  It has not changed its mind since its last pronouncement on the movants' request for relief.

Nor has this Court "refus[ed] to allow defendants to develop an adequate record that will prove or disprove specific violations that have already been identified" because it has not permitted an evidentiary hearing.  Rather, the Court has exercised its discretion – in the absence of an adequate basis for the requested relief – to avoid further waste of the Court and the parties' time, energy, and other resources.  Granting the movants' additional request to not only reconsider the Court's decision to deny the Motion for New Trial but to also issue subpoenas to the United States Attorney and Kentucky Board of Registration for Professional Geologists for certain items would do little more than turn this a Pro-Am bass fishing tournament.  The Court declines to do.

Without something more, the Court cannot and will not grant the relief requested.  Further, the issues raised by this recent series of motions have been adequately addressed by this Court, even if the results are not to defendants' liking.  These issues should be pursued on appeal if defendants believe that relief from this Court's decisions is warranted.

Accordingly, **IT IS ORDERED** that Defendant Michael D. and

Christopher C. Smith's Motion for Leave to Serve Subpoenas on United States Attorney and Kentucky Board of Registration for Professional Geologists [DE 826] is **DENIED**.

This the 16th day of May, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge