UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at FRANKFORT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 3:8-cr-31-JMH-HAI-1 |
| v. | ) | |
| MICHAEL D. SMITH, *pro se*, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |
| | ) | |

\*\*\*

On May 21, 2019, the Defendant, Michael D. Smith ("Smith"), proceeding *pro se*, filed a "Motion to Appoint Public Defender." [DE 997]. Smith made this request so that the public defender could "...file and conduct action for early release based on the First Step Act..." and/or for compassionate release. [Id.]. On May 29, 2019, this Court directed the United States of America ("United States") to respond to Smith's motion by June 5, 2019. [DE 998]. Subsequently, the United States filed its response in opposition to Smith's motion. [DE 999]. Having reviewed Smith's motion and the United States' response, and being otherwise sufficiently advised, **IT IS ORDERED** that Smith's motion is **DENIED**.

Smith requests this Court appoint him a public defender to file and conduct action for early release under the First Step Act or, alternatively, for a compassionate release. [DE 997]. However, Smith provides no argument in support of his request for

1

the appointment of counsel. [Id.]. Accordingly, his motion for such appointment must be denied.

Federal statutes outline certain situations where counsel shall be appointed for indigent Defendants but motions for reduction of sentence are not included. *See* 18 U.S.C. § 3006A(a)(1). On March 28, 2019, the Chief Judge of this District entered General Order 2019-5, which addresses the issue presented. *See In re Appointment of Counsel and Motions for Relief Under the First Step Act of 2018*, General Order 2019-5 (E.D. Ky. Mar. 28, 2019). Subsection II. A. of General Order 2019-5, which relates to "Appointment of Counsel and Motions for Relief Under the First Step Act of 2018[,]" provides the following:

> Appointment of counsel is not required. However, the Court in its discretion and pursuant to the provisions of the Criminal Justice Act ("CJA), 18 U.S.C. § 3006A, may appoint counsel to defendants identified by the USSC as potentially eligible for relief under the First Step Act.

*Id.*

As a result, this Court has discretion to determine whether appointment of counsel is warranted with respect to Smith. *Id.*

Here, Smith has offered up no argument as to why the Court should appoint him counsel for the limited purpose of moving for a reduction of sentence under the First Step Act or, alternatively, for compassionate release. [DE 997]. The language of Joint Local Rule of Criminal Procedure 12.1(a) provides as follows:

2

> Except for routine motions – such as motions for an extension of time – a motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it.

While this Court acknowledges its obligation to liberally construe a Smith's *pro se* motion it has no authority to create arguments for Smith. *Coleman v. Shoney's, Inc.*, 79 Fed. Appx. 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Without some effort at legal argumentation, Smith has utterly failed to meet the requirements of LCrR 12.1(a). As such, the Court is unable to grant the requested relief. Accordingly, **IT IS ORDERED** that Smith's motion for the appointment of counsel shall be, and hereby is, **DENIED**.

This, the 7th day of June, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge