UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at FRANKFORT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 3:8-cr-31-JMH-HAI-1 |
| v. | ) ) | |
| MICHAEL D. SMITH, *pro se*, | ) ) | **MEMORANDUM OPINION** |
| Defendant. | ) ) | **AND ORDER** |

\*\*\*

On June 20, 2019, the Defendant, Michael D. Smith ("Smith"), proceeding *pro se*, filed a "Motion to Appoint Counsel." [DE 1001].[1] While Smith does not state why he needs appointed counsel, he claims that he has been incarcerated for eight years, that he was falsely arrested and imprisoned, and that the indictment in his case was not a true bill of indictment. [DE 1001]. On June 25, 2019, this Court directed the United States of America ("United States") to respond to Smith's motion by July 8, 2019. [DE 1002]. On July 1, 2019, Smith filed an identical "Motion to Appoint Counsel[,]" stating the same grounds for relief. [DE 1003]. On

---

[1] Smith has filed several motions to appoint counsel in this action. [DE 693; DE 882; DE 997; DE 1001; DE 1003]. This Court denied three of Smith's requests for appointment of counsel. [DE 701; DE 883; DE 1000]. Most recently, this Court disposed of Smith's "Motion to Appoint Public Defender." [DE 997]. Therein, Smith had requested a public defender for purposes of moving for reduction of sentence under the First Step Act, or, alternatively, for compassionate release. [Id.]. However, this Court denied Smith's motion because Smith has offered up no argument as to why the Court should appoint him counsel for those purposes as required by Joint Local Rule of Criminal Procedure 12.1(a) and *In re Appointment of Counsel and Motions for Relief Under the First Step Act of 2018*, General Order 2019-5 (E.D. Ky. Mar. 28, 2019). [DE 1000]. Two motions for appointment of counsel are pending. [DE 1001; 1003].

1

July 8, 2019, the United States filed its response in opposition, [DE 1004], to Smith's June 20th motion. [DE 1001]. Having reviewed Smith's identical motions [DE 1001; DE 1003] and the United States' response, [DE 1004], and being otherwise sufficiently advised, **IT IS ORDERED** that Smith's motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 1, 2011, Smith was found guilty and convicted of six counts of mail fraud in violation of 18 U.S.C. § 1341 and one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. [DE 669]. As a result, this Court sentenced Smith to 120-months imprisonment. [DE 669; DE 830]. The Sixth Circuit denied Smith's subsequent appeal. [DE 875]. Thereafter, Smith filed a motion to vacate his sentence under § 2255, which was denied by the district court. [DE 996 at 1, PageID #13776]. The Sixth Circuit denied Smith's application for a certificate of appealability and then denied Smith permission to file a second or successive motion to vacate in 2019. [Id.].

## II. ANALYSIS

Smith now requests the Court grant his motions for appointment of counsel. [1001, 1003]. However, Smith does not state the reason why he needs counsel, nor does he provide any legal argument in support of his request for the appointment of counsel. [Id.]. Of course, the Court has discretion on whether to appoint counsel in this situation. But here, Smith does not state – nor is there

2

any indication – that appointment of counsel will provide meaningful assistance to Smith. Accordingly, his motion for such appointment must be denied.

In support of his motion, Smith provides the following list:

1. I, Michael Smith have been incarcerated for eight years.

2. I, Michael Smith have been falsely arrested and imprisoned.

3. The indictment in this case is not a TRUE BILL.

4. The indictment on file has no signatures required to make it a valid TRUE BILL.

5. This indictment was not signed due to the fact, the grand jury declined to indict.

6. Government witness could not produce payment for proof of employment due to the fact that she never actually worked for me.

7. Grand jury NO TRUE BILL, NOT A TRUE BILL! Rule 7.

[DE 1001; DE 1003].

Federal statutes outline certain situations where counsel shall be appointed for indigent Defendants. *See* 18 U.S.C. § 3006A(a)(1). Ultimately, however, the decision to appoint counsel rests within the sound discretion of the Court, based on the interests of justice and due process. *See* 18 U.S.C. § 3006A(a)(2)(B). Counsel should be appointed "if, given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, [he] could not obtain a lawyer

3

on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side." *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).

However, Smith does not state the reason why he needs counsel or the ultimate relief he is seeking. Smith has not offered any argument as to why the Court should appoint him counsel for such purpose. [DE 1001; DE 1003]. As with Smith's prior motion, [DE 997], Smith cites no statute or other legal grounds to justify appointment of counsel. [Id.]. The language of Joint Local Rule of Criminal Procedure 12.1(a) provides as follows:

> Except for routine motions – such as motions for an extension of time – a motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it.

While this Court acknowledges its obligation to liberally construe a Smith's *pro se* motion it has no authority to create arguments for Smith. *Coleman v. Shoney's, Inc.*, 79 Fed. Appx. 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Without some effort at legal argumentation, Smith has utterly failed to meet the requirements of LCrR 12.1(a).

Moreover, at this stage of the case, appointment of counsel would be a waste of limited resources. Neither due process nor the best interests of justice indicate that counsel should be provided considering the issues Smith seeks to raise. Accordingly, **IT IS**

4

**ORDERED** that Smith's identical motions for the appointment of counsel [DE 1001; DE 1003] shall be, and hereby are, **DENIED**.

This, the 9th day of July, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge