```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at FRANKFORT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 3:8-cr-31-JMH-HAI-1 |
| v. | ) | |
| | ) | |
| MICHAEL D. SMITH, *pro se*, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |
| | ) | |

*** 

On June 20, 2019, the Defendant, Michael D. Smith ("Smith"), proceeding *pro se*, filed a "Motion to Appoint Counsel." [DE 1001]. On July 9, 2019, this Court denied that motion. [DE 1005]. Smith has since filed two motions, [DE 1008; DE 1010], requesting this Court reconsider its decision. [DE 1005]. For the reasons stated herein below, and being otherwise sufficiently advised, we decline to do so. As such, **IT IS ORDERED** that Smith's motions to reconsider [DE 1008; DE 1010] are, and hereby shall be, **DENIED**.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On July 10, 2010, Smith was convicted of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, and eleven substantive counts of mail fraud, in violation of 18 U.S.C. § 1341. [DE 314]. On June 29, 2011, this Court sentenced Smith to a total term of 120 months of imprisonment. [DE 662]. As a result, this Court sentenced Smith to 120-months imprisonment. [DE 669; DE 830]. The Sixth Circuit denied Smith's subsequent appeal. [DE

875]. Thereafter, Smith filed a motion to vacate his sentence under § 2255, which was denied by the district court. [DE 996 at 1, PageID #13776]. The Sixth Circuit denied Smith's application for a certificate of appealability and then denied Smith permission to file a second or successive motion to vacate in 2019. [Id.].

While Smith does not state why he needs appointed counsel, he claims that he has been incarcerated for eight years, that he was falsely arrested and imprisoned, and that the indictment in his case was not a true bill of indictment. [DE 1001]. On June 25, 2019, this Court directed the United States of America ("United States") to respond to Smith's motion by July 8, 2019. [DE 1002]. On July 1, 2019, Smith filed an identical "Motion to Appoint Counsel[,]" stating the same grounds for relief. [DE 1003]. On July 8, 2019, the United States filed its response in opposition, [DE 1004], to Smith's June 20th motion. [DE 1001].

The Court reviewed Smith's identical motions [DE 1001; DE 1003] and the United States' response, [DE 1004], and denied the motions. [DE 10005]. In particular, the Court found that Smith did not state the reason why he needs counsel, nor does he provide any legal argument in support of his request for the appointment of counsel. [*Id.* at 2-4, PageID #13814-16]. Nor was there any indication that appointment of counsel would provide meaningful assistance to Smith. [*Id.*].

Smith has now filed two motions requesting the Court reconsider its Order. [DE 1008; DE 1010]. Smith's motions are essentially identical, [*id.*], other than an email attachment. [DE 1010-1 at 1-2, PageID #13843-44].

## II. ANALYSIS

Smith requests the Court reconsider, [DE 1008; DE 1010], its denial, [DE 1005], of Smith's motions for appointment of counsel. [1001, 1003]. Once again, however, Smith fails to state the reason why he needs counsel, nor does he provide any legal argument in support of his request for the appointment of counsel. [*Id.*]. Of course, the Court has discretion on whether to appoint counsel in this situation. Again, Smith gives no indication that appointment of counsel will provide meaningful assistance to Smith. Accordingly, Smith's motions to reconsider must be denied.

Notably, Smith supports his motions to reconsider by citing to a rule of procedure that does not exist. In particular, Smith does cite to "Rule 59(e)" in the styling of both of his motions to reconsider. [DE 1008 at 1, PageID #13828; DE 1010 at 1, PageID #13838]. However, Federal Rule of Criminal Procedure 59 goes nofurther than subsection (b)(3), and relates to matters before magistrate judges.

As stated in the Court's prior Order, [DE 1005 at 3-4, PageID #13815-16], Federal statutes outline certain situations where counsel shall be appointed for indigent Defendants. *See* 18 U.S.C.

3

§ 3006A(a)(1). Ultimately, however, the decision to appoint counsel rests within the sound discretion of the Court, based on the interests of justice and due process. *See* 18 U.S.C. § 3006A(a)(2)(B). Counsel should be appointed "if, given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side." *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).

In his motions to reconsider, Smith did not state the reason why he needs counsel or the ultimate relief he is seeking. [DE 1008; DE 1010]. Nor has Smith has not offered any argument as to why the Court should appoint him counsel for such purpose. [*Id.*].

As with Smith's prior motions, [DE 997; DE 1001; DE 1003], Smith cites no statute or other legal grounds to justify appointment of counsel. [DE 1008; DE 1010]. The language of Joint Local Rule of Criminal Procedure 12.1(a) provides as follows:

> Except for routine motions – such as motions for an extension of time – a motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it.

Again, this Court acknowledges its obligation to liberally construe a Smith's *pro se* motion it has no authority to create arguments for Smith. *Coleman v. Shoney's, Inc.*, 79 Fed. Appx. 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the

4

issues advanced with some effort at developed argumentation."). However, without some effort at legal argumentation, Smith has utterly failed to meet the requirements of LCrR 12.1(a).

Moreover, at this stage of the case, appointment of counsel would be a waste of limited resources. Neither due process nor the best interests of justice indicate that counsel should be provided considering the issues Smith seeks to raise. Accordingly, **IT IS ORDERED** that Smith's identical motions [DE 1008; DE 1010] to reconsider this Court's Order, [DE 1005] denying his motions for the appointment of counsel [DE 1001; DE 1003] shall be, and hereby are, **DENIED.**

This, the 26th day of August, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge