```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at FRANKFORT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 3:08-cr-031-JMH-HAI-1 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MICHAEL D. SMITH. | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*

This matter is before the Court on federal prisoner, Michael D. Smith's ("Smith") motion, styled as a 28 U.S.C. 2241 motion and motion for change of venue. [DE 1006]. In his motion, Smith attacks and moves this Court to overturn his 2010 conviction for mail fraud. [DE 1006]. Smith argues he was innocent, that his indictment was defective, and that the Court lacked jurisdiction. [*Id*.]. On July 22, 2019, Magistrate Judge Hanly A. Ingram entered a Recommended Disposition, [DE 1009], recommending that Smith's motion to transfer venue be denied, and that the motion be otherwise construed as second or successive § 2255 motion and be transferred to the Sixth Circuit. On July 31, 2019, Smith filed his objections to the Magistrate Judge's Recommendation Disposition. [DE 1011]. This matter is now ripe for review.

Having reviewed Smith's motion, [DE 1006], the Magistrate Judge's Recommended Disposition, [DE 1009], and Smith's Objection,

1

[DE 1011], and being otherwise sufficiently advised, **IT IS ORDERED** that the Smith's motion, [DE 1006], is **DENIED** to the extent that he requests a change of venue. The portion of his motion, [DE 1006], construed as a successive § 2255 motion, will be **TRANSFERRED** to the Sixth Circuit in accordance with 28 U.S.C. § 2244, for a determination as to whether Smith should be allowed to pursue a second or successive motion for relief under § 2255. *See* 28 U.S.C. 2255(h).

## I. Procedural and Factual Background

On July 10, 2010, Smith was convicted of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, and eleven substantive counts of mail fraud, in violation of 18 U.S.C. § 1341. [DE 314]. On June 29, 2011, this Court sentenced Smith to a total term of 120 months of imprisonment. [DE 662].

On April 15, 2014, the Sixth Circuit affirmed Defendant's conviction and sentence. [DE 875]; *see also*, *United States v. Smith*, 749 F.3d 465 (6th Cir. 2014). The Supreme Court subsequently denied Smith's petition for a writ of certiorari. [DE 878], *see also*, *United States*, 135 S. Ct. 307 (2014) (mem.).

In July 2015, Smith filed his first motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, raising four claims:(1) he received ineffective assistance of trial counsel because counsel failed to file "19-Pre-Trial Jurisdictional motions"; (2) he received ineffective

assistance of counsel in the forfeiture phase of his trial; (3) the government failed to get an indictment for the seizure and forfeiture of property; and (4) the district court lacked subject matter jurisdiction over the crimes charged in the indictment. [DE 920].

The magistrate judge recommended that the § 2255 motion be denied, [DE 962], and Smith objected. [DE 963]. However, the undersigned adopted the recommendation and denied Smith's § 2255 motion. [DE 967]. In particular, the district court concluded that: (1) Smith failed to provide any factual or legal support for his first ineffective-assistance claim and, in any event, Smith failed to show that he was prejudiced by his attorney's allegedly deficient performance; (2) Smith's forfeiture-related ineffective-assistance claim was not cognizable in § 2255 proceedings; (3) Smith procedurally defaulted his claim that the indictment was insufficient by not raising it in his direct appeal; and(4) Smith's claim that the court lacked subject matter jurisdiction over the indictment was meritless. [*Id.*]. The district court therefore denied Smith's motion to vacate and declined to issue a certificate of appealability. [*Id.* at 24, PageID #13485].

Smith then sought a certificate of appealability. [DE 973]. However, the Sixth Circuit denied that request and a request to change venue. [DE 980].

In December 2017, Smith applied to the Sixth Circuit for permission to file a second or successive § 2255 motion. [DE 981]. In April 2018, permission was denied. [DE 983].

In February 2019, Smith filed a motion for leave to expand the record with newly discovered evidence. [DE 991]. The undersigned construed the motion as a motion to vacate his sentence under § 2255 and transferred it to the Sixth Circuit. [DE 992]. In May 2019, the Sixth Circuit withheld permission for Smith to file a second or successive § 2255 motion. [DE 996].

On July 8, 2019, Smith filed the instant motion. [DE 1006]. Because the current motion, [*id.*], is one that seeks to overturn his conviction, the Court must construe it as a motion under § 2255. *See* 28 U.S.C. § 2255(a). The matter was referred to Magistrate Judge Hanly A. Ingram, who subsequently entered a Recommended Disposition, [DE 1009], recommending that Smith's motion to transfer venue be denied, [*Id.* at 3, PageID #13836], and that his collateral attack on his conviction and sentence is, in fact, a second or successive § 2255 motion for which he must first seek certification from the Sixth Circuit before filing. [*Id.* at 3-4, PageID #13836].

On July 31, 2019, Smith filed his objections to the Magistrate Judge's Recommended Disposition. [DE 1011]. In particular, Smith objects to the Magistrate Judge's recommendation to the extent that he states that the motion is as a second or successive 2255,

4

and as such should be transferred to the Sixth Circuit. [*Id*. at 1, PageID #13847]. We disagree with Smith.

## II. ANALYSIS

Smith's motion, to the extent it requests a change of venue, is denied. To the extent it attacks his conviction and/or sentence it is construed as a second or successive 2255 motion and transferred.

Smith objects to the Magistrate's Recommended Disposition primarily arguing that it incorrectly invokes the doctrine of res judicate to preclude him from collaterally attacking his conviction and sentence. [DE 1011 at 1-5, PageID # 13847-51]. Smith is incorrect.

Magistrate Judge Ingram's Recommended Disposition is in accord with the plain language of 28 U.S.C 2244 and 2255. The recommendation correctly states, "[b]ecause the current motion [DE 1006] is on that seeks to overturn his conviction, the Court must construe it as a § 2255 motion. *See* 28 U.S.C. 2255(a).

Here, there is no question that the motion is a second or successive § 2255 motion. Smith previously moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 920]. On June 26, 2017, this Court denied defendant's motion after a thorough review. [DE 967]. The defendant then filed an application for a certificate of appealability and motion for change of venue, [DE 972], and thereafter filed a notice of appeal. [DE 973]. On

5

November 29, 2017, the Sixth Circuit denied the defendant's application and motion.

On December 13, 2017, Smith moved under 28 U.S.C. § 2244 for leave to file a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. 2255. [DE 981]. The Sixth Circuit denied defendant's application. [DE 983].

Smith now moves the Court to vacate his conviction and sentence once more. [DE 1006]. Accordingly, the Magistrate Judge appropriately construed Smith's motion as an attack on his conviction.

However, pursuant to 28 U.S.C. 2244(a) a court is not:

> [R]equired to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined...on a prior application for a writ of habeas corpus, except as provided in section 2255.

The language of 28 U.S.C. 2255(h) provides that a second or successive motion "must be certified as provided in section 2244 by a penal of the appropriate court of appeals." In order to obtain such certification, a defendant must show that either (1) there is newly discovered evidence that, when viewed in light of the evidence as a whole, would be sufficient to establish that no reasonable factfinder would have found the movant guilty of the offense; or (2) there is a new rule of constitutional law, made

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id*. Unless the Court of Appeals has authorized the filing of a "second or successive" petition, a district court must transfer the petition to the Sixth Circuit no matter how meritorious the claim may be. *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

The language of 28 U.S.C. 2244(b)(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because Smith's motion, [DE 1006], is construed, in part, as a second or successive motion seeking relief under 28 U.S.C. § 2255, it must be properly certified by a panel of the United States Court of Appeals for the Sixth Circuit before it can be considered by this Court. *See* 28 U.S.C. § 2255(h). As a result, Smith's claim is transferred to the United States Court of Appeals for the Sixth Circuit.

The Court notes that Smith did not object to the magistrate judge's recommendation that Smith's motion for a change of venue be denied. [DE 1011]. As we agree with Magistrate Judge Ingram's analysis of this issue, and there being no objection, we adopt his analysis as stated therein, [DE 1009 at 3, PageID #13836], and deny the motion to change venue.

7

## III. Conclusion

For the reasons outlined above, it is hereby **ORDERED** as follows:

(1) That the Magistrate Judge's Recommended Disposition, [DE 1009] is, and hereby shall be, **ACCEPTED** and **ADOPTED** over Defendant's objections, [DE 1011], for the reasons state therein and as set forth above;

(2) That to the extent Defendant, Michael D. Smith, moves this Court for an order granting change of venue, the motion is, and hereby shall be, **DENIED**; and

(3) That the Clerk of the Court is **DIRECTED** to transfer the matter to the United States Court of Appeals for the Sixth Circuit as a successive petition seeking relief under 28 U.S.C. § 2255.

This the 26th day of August, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge